698

## UNITED STATES v. SEBASTIANNELLI.
### No. 8443.

· District Court, M. D. Pennsylvania.
June 8, 1933.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.

John Memolo, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a motion to quash the indictment in this case.

Briefly, it is charged in the indictment that the defendant falsely testified before a naturalization examiner that he had resided continuously in the United States since November 14, 1913, except during the period from March 4, 1927, to November 4, 1927, whereas, in truth and in fact, the defendant had been absent from the United States from July, 1920, to March, 1924, during which time he resided in Italy, and that the defendant was admitted to citizenship June 21, 1928.

The defendant contends principally in support of the motion that, even if he did in the naturalization proceedings give testimony which was false, such testimony was not as to any material fact.

The act of Congress, R. S. § 2170, USCA title 8, § 361, provides: "No alien shall be admitted to become a citizen who has not for the continued term of five years next preceding his admission resided within the United States."

In order that the defendant might be admitted to become a citizen, it was necessary that he should have resided within the United States for a continuous term of five years next preceding his admission. This was not only material but essential, and, if he testified as alleged in the indictment that he did so reside, and such testimony was false, he committed one of the offenses prohibited by the Act of June 29, 1906, c. 3592, § 23, 34 Stat. 603, USCA title 8, § 414, which provides in part as follows: "Any person who knowingly aids, advises, or encourages any person not entitled thereto to apply for or to secure naturalization, or to file the preliminary papers declaring an intent to become a citizen of the United States, or who in any naturalization proceeding knowingly procures or gives false testimony as to any material fact, or who knowingly makes an affidavit false as to any material fact required to be proved in such proceeding, shall be," etc.

Now, June 6, 1933, the motion to quash the indictment is dismissed, and the rule to show cause why the indictment should not be quashed is discharged.